# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY ALLEN,** | : | **CIVIL ACTION NO. 1:14-CV-0407** |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| v. | : | |
| **JOHN WETZEL, *ET AL*.,** | : | |
| **Defendants** | : | |

## **ORDER**

AND NOW, this 10th day of July, 2014, upon consideration of the court order (Doc. 11) dated April 18, 2014, notifying plaintiff that his complaint (Doc. 1) was in violation of Federal Rules of Civil Procedure 8 and 20 because it contained claims that arose out of a number of unrelated separate transactions and occurrences or series of transactions or occurrences against various defendants and did not involve

issues of law or fact common to all defendants,[1] and affording him the opportunity to amend the complaint, but forewarning him that the inclusion of separate, unrelated claims would not be tolerated by the court, and upon consideration of the filing of plaintiff's proposed amended complaint (Doc. 12) and court order (Doc. 15) dated June 13, 2014, striking that pleading for failure to comply with the April 18,

---

[1] The complaint is seventeen single-spaced typed pages in length, contains approximately eighty-five paragraphs, and names twenty-one individuals who are primarily employed at the State Correctional Institution at Rockview. The claims that purportedly arose between January 2012 and January 2014 are summed up as follows:

> The illegal and unconstitutional confidential and privileged mail opening outside of plaintiff's presence, denied/delayed legal filings to the Courts, denial of access to the Courts, confiscation of property mail postage, deliberate indifference to a serious medical need, indifference to a saft [sic] condition of confinement, retaliatory practices, discriminatory practices, denial of procedural due process, cruel and unusual punishment, intimidation by terrorist acts, and unlawful obstruction of justice for failing to deliver legal mail, and theft of plaintiff's property of monies, violated plaintiff's First, Fourth, Fifth, Sixth, Eight [sic], and Fourteenth Amendments to the United States Constitution, and the Laws of the State of Pennsylvania.

(Doc. 1, ¶ 68).

2014 order (Doc. 11),[2] and affording plaintiff a final opportunity to file an amended complaint, but strictly cautioning him that the inclusion of separate, unrelated claims that did not involve issues of law or fact common to all defendants would be considered a failure to comply with an order of court and would result in the striking of unrelated claims or the dismissal of the complaint, and upon review of plaintiff's second proposed amended complaint (Doc. 17) filed on June 30, 2014, it is clear that plaintiff has utterly failed to comply with the court orders (Docs. 11, 15), or adhere to the standards set forth in the court orders, in that, like the original complaint, the proposed amended complaint names multiple defendants and contains numerous claims that do not arise out of the same transaction, occurrence, or series of transactions or occurrences, and lacks questions of law or fact common to all defendants,[3] and that because plaintiff refuses to comply with the court orders directing adherence to rules governing joinder of parties and claims, the action is

---

[2] The proposed amended complaint (Doc. 12) alleged that between December 2010 and April 2014, eighteen different defendants employed by the Pennsylvania Department or Corrections, mainly at the State Correctional Institution at Rockview, violated his constitutional rights by tampering with his legal mail, denying him use of the law library, denying him access to the courts, confiscating, destroying and depriving him of his personal property, retaliating against him for pursuing legal remedies and seeking medical care, denying him adequate medical treatment, denying him due process, and exposing him to unconstitutional conditions of confinement. (Doc. 12, ¶¶ 7-168).

[3] The second proposed amended complaint (Doc. 17) is fifty pages in length, includes in excess of 300 paragraphs, names twenty-six defendants, and contains eighteen "counts" of various civil rights and tort claims.

subject to dismissal pursuant to FED. R.CIV. P. 41(b)[4]; see Bricker v. Harlow, No. 1:CV-09-0582, 2009 WL 1743905, at *1, 3 (M.D.Pa. June 17, 2009) (noting that *pro se* litigants are not free to ignore the Federal Rules of Civil Procedure and dismissing the action because plaintiff failed to comply with the court's orders); see Iseley v. Bitner, 216 F. App'x 252, 255 (3d Cir. 2007) (finding that dismissal by the court on its own initiative is warranted where plaintiff fails to comply with court orders directing adherence to rules governing joinder of parties and claims), it is hereby ORDERED that:

1. This action is DISMISSED pursuant to FED. R.CIV. P. 41(b) for failure to comply with an order of court.

2. The Clerk of Court is directed to CLOSE this case.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[4] A district court has the authority to dismiss a suit *sua sponte* for failure to comply with an order of court. FED. R. CIV. P. 41(b); see Link v. Wabash R.R. Co., 370 U.S. 626, 630-31(1962); Guyer v. Beard, 907 F.2d 1424, 1429 (3d Cir. 1990). Ordinarily a district court is required to consider and balance the six factors enumerated in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984), when deciding, *sua sponte*, to use dismissal as a sanction. When a litigant's conduct makes adjudication of the case impossible, however, such balancing under Poulis is unnecessary. See Guyer, 907 F.2d at 1429-30; see also Spain v. Gallegos, 26 F.3d 439, 454-55 (3d Cir. 1994).